IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JUDITH D. TIDWELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:09-CV-762-WKW [WO] |
| | ) | |
| HOMELAND CARRIERS, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BULKMATIC TRANSPORT COMPANY, INC., | ) | |
| | ) | |
| Intervenor-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY NDEGWA MURAGURI and HOMELAND CARRIERS, INC., | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |

| | | |
|---|---|---|
| ED PARISH, JR., as administrator ad litem of Timothy M. Ndegwa, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:10-CV-43-WC |
| | ) | |
| v. | ) | |
| | ) | |
| BULKMATIC TRANSPORT COMPANY, INC., and JUDITH TIDWELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Intervenor-Plaintiff Bulkmatic Transport Company's motion to consolidate the above-captioned cases. (Doc. # 35.) The motion is objected to by Judith Tidwell, Plaintiff in case 3:09-CV-762, and Ed Parish, Jr., the administrator *ad litem* of Timothy M. Ndegwa's estate and Plaintiff in case 3:10-CV-43. (Docs. # 41, 42.) Defendant Homeland Carriers, Inc., supports the motion to consolidate. (Doc. # 43.) Documents cited and reference to the positions of the parties refer to case 3:09-CV-762, unless otherwise noted.

While the procedural posture of these cases has created something of a morass, the underlying facts are relatively straightforward. Both cases arise entirely from a double tractor-trailer accident that took place on July 23, 2009, on Interstate 85 in Lee County, Alabama. (Doc. # 1.) Ms. Tidwell, driver of Bulkmatic's truck, alleges that she was severely injured through the negligence of Mr. Ndegwa, the driver of a Homeland Carriers truck that was parked at the time of the collision. Mr. Ndegwa was killed in the accident. The Plaintiff in case 3:09-CV-762, John McBride, is Ms. Tidwell's husband and is suing on the basis of his wife's injuries. Unsurprisingly, each employer and driver claim that the accident occurred through the negligence of the other employer and driver, except that Ms. Tidwell refrained from filing suit personally against Mr. Ndegwa in the original action, suing only Homeland Carriers. (Docs. # 1, 41.)

Federal Rule of Civil Procedure 42(a) governs the consolidation of lawsuits. It states: "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing of trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The parties do not dispute that these cases involve a common question or law or fact; indeed, it seems that the cases involve no distinct issues of law or fact from one another, except for the slight variation in parties. It is clear that a finder of fact in each case would have to determine, first, which driver was at fault in the accident, and then whether the employer of that driver was liable. Although Ms. Tidwell has chosen not to sue Mr. Ndegwa (or his estate) personally, her suit against Homeland is nonetheless contingent on establishing that Mr. Ndegwa was negligent in operating or parking his truck; Homeland cannot be liable otherwise.

While the similarity in the legal and factual bases for these cases makes consolidation permissible, Ms. Tidwell and the Ndegwa estate argue that it is nonetheless inappropriate, because they would be prejudiced by consolidation of the cases at this stage. The arguments against consolidation are twofold, based on fears of delay and of confusion to the jury.

Ms. Tidwell first argues that she will be prejudiced due to the delay that consolidation will cause. Her case (3:09-CV-762) is currently set for trial at the June 28, 2010, term of court in Opelika, Alabama. Given that case 3:10-CV-43 was filed on January 15, 2010, and no scheduling order has yet been entered in that case, the court agrees that it would not be feasible to try the subsequently filed case on June 28. The court is sympathetic to Ms.

Tidwell's desire to have her case promptly resolved.[1]  But, as the parties opposing consolidation emphasize, discovery in case 3:09-CV-762 has already progressed substantially and is scheduled to close on May 3, 2010.  Numerous depositions have apparently been taken or are scheduled to be taken in the next several weeks.  Given the substantial, if not complete, identity of issues between the two lawsuits, there is little reason why the discovery already taken in the first-filed suit would not be supplemented as necessary and form a large part of the discovery for the second-filed suit (in fact, the parties opposing consolidation state that discovery is already being shared between the two suits).  The court will direct the parties to expedite the discovery and pretrial processes as much as possible in order to permit placing the case on a trial term.  Finally, this lawsuit has proceeded relatively briskly thus far, given that the events giving rise to it occurred in July 2009, and any resulting delay would not be unprecedented or extreme.

Second, Ms. Tidwell argues that her choice to sue only Homeland Carriers and not Mr. Ndegwa personally, or his estate, should be respected, that consolidating the cases essentially forces her to become involved in a direct suit with the Ndegwa estate personally despite her choice not to do so, and that this change will reduce the value of her suit and confuse the jury. (Doc. # 41.)  The administrator of the Ndegwa estate argues that the jury will be confused by the fact that, while Bulkmatic has sued Ndegwa and Homeland,

---

[1] The Ndegwa estate takes the opposite tack with respect to the timing argument, claiming it would be prejudiced by being "thrown into the Tidwell case at the end." (Doc. # 42.)  But, as the consolidated case will be continued from the June 28, 2010, trial term, this argument holds little weight.

Homeland has not chosen to become a plaintiff in any action.  The administrator argues that this would lead a jury to believe that Homeland actually believes that its own driver, Mr. Ndegwa, was at fault for the accident.  The Ndegwa estate further argues that the jury would be confused because Ms. Tidwell is represented by one law firm in the suit she filed, while she is jointly represented with Bulkmatic by another firm in the suit where she is a defendant.  (Doc. # 42.)

As to Ms. Tidwell's argument, the court doubts that abstract, and, at this stage, inevitably speculative, considerations of a case's "value" to one party are appropriate illustrators of legal prejudice to be suffered by that party.  Even if they were, given that the Ndegwa estate has now chosen to sue Ms. Tidwell, Ms. Tidwell will face the threat of liability to the Ndegwa estate at some point.  It is not "prejudicial" to have her do so in the same proceeding that she brought in an attempt to hold Mr. Ndegwa's employer liable for Mr. Ndegwa's negligence with regard to the same events.

With regard to the Ndegwa estate's concerns, the court does not believe that the mere fact that Homeland has chosen not to become a plaintiff will somehow unfairly prejudice the jury against Mr. Ndegwa, given that Homeland will be appearing as a defendant, and presumably vigorously defending the claims against it.  Ms. Tidwell and Bulkmatic could indisputably have sued Homeland and the Ndegwa estate in one action, and the Ndegwa estate would hardly be able to claim that concerns of prejudice required separating the two cases simply because its co-defendant refused to file counterclaims.  Nor does the court

perceive as particularly relevant, especially as to prejudice against the Ndegwa estate, the fact that Ms. Tidwell is represented by two different law firms.

To the extent that the parties' choices about the structuring of their claims and who they are brought against may give rise to a likelihood of jury confusion, the court does not believe that the risk would be insurmountable with proper jury instructions. This is especially so considering that the fundamental issue any jury will have to initially decide is which driver was at fault in the accident. Subsequent issues of supervisory liability will arise only as to the driver whom the jury finds at fault.[2] The complexity would be no greater than in a typical case in which a defendant is sued and then brings counterclaims, based on the same conduct, against the plaintiff. Contrary to the Ndegwa estate's argument, such situations are not inevitably "highly confusing" simply because a party is "both a Plaintiff and Defendant." (Doc. # 42, at 4.)

Moreover, even to the extent these concerns have some validity, they must be balanced against the other factors favoring consolidation, as explicated in the very case cited by Ms. Tidwell. First on the list is "the risk of inconsistent rulings on common factual or legal questions." *Caytrans, BBC, LLC v. Equip. Rental & Contractors Corp.*, Nos. 08-0691 & 09-0586, 2009 WL 3248044, at * 1 (S.D. Ala. Oct. 6, 2009). The court cannot imagine a situation more prone to giving rise to inconsistent factual or legal determinations than

---

[2] The court notes further that some degree of complexity is already interwoven into the first-filed case, because Bulkmatic Transport has intervened as a plaintiff and named Mr. Ndegwa and Homeland Carriers as intervenor-defendants.

allowing two different juries, at two different trials, to determine who is at fault for the same road accident. It would be strange indeed if either party now objecting to consolidation were to prevail in one case, only to have another jury determine that it was in fact liable for an equal or greater amount of damages than it won in the first suit. That possibility also raises the specter of complex *res judicata* or collateral estoppel issues. Another factor cited in *Caytrans*, "the value of time and effort saved," also weighs strongly in favor of consolidation. *Id.* (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). Consolidation of the suits seems likely to avoid inconvenience and expense to the parties, and certain will to the court.

For the foregoing reasons, it is ORDERED that the motion to consolidate (Doc. # 35) case numbers 3:09-CV-762 and 3:10-CV-43 is GRANTED, and the cases are consolidated before the undersigned district judge. It is further ORDERED that all future pleadings be filed only once, on the docket for case 3:09-CV-762. The parties are further ORDERED to confer and file a new Rule 26(f) discovery plan for the consolidated case no later than April 16, 2010. The plan should give due consideration to the discovery already conducted in the first-filed case, and shall suggest the earliest feasible trial date. Homeland Carriers is further ORDERED to give appropriate consideration to any necessary alterations or amendments to its pending partial motion for summary judgment (Doc. # 32) in light of the consolidation, and in furtherance of the court's interest in not deciding the same issues more than once. The

Clerk of the Court is DIRECTED to take all necessary steps to consolidate the two cases.[3]

DONE this 30th day of March, 2010.

                                                                   /s/ W. Keith Watkins  
                                             UNITED STATES DISTRICT JUDGE

---

[3] The Clerk of the Court is further DIRECTED to modify the e-docket text to reflect that Plaintiff Judith Tidwell is not a party to this motion; rather, she opposes the motion to consolidate. The Clerk is further DIRECTED to modify the caption in case 3:10-CV-43 as listed above and in conformance with the complaint in that case.